UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CALVIN D. CANNON, ) | |
| ) | Case Nos. 1:19-cv-235; 1:99-cr-75 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:19-cv-235; Doc. 52 in Case No. 1:99-cr-75). For the following reasons, Petitioner's motion will be **DENIED**.

### I.   BACKGROUND

In 2000, Petitioner pleaded guilty to distribution of crack cocaine, in violation of 21 U.S.C. § 841. (*See* Doc. 50 in Case No. 1:99-cr-75.) United States District Court Judge Curtis Collier determined that Petitioner qualified as a career offender under United States Sentencing Guideline § 4B1.1 and sentenced him to 200 months' imprisonment, followed by six years of supervised release. (*Id*.) Petitioner did not appeal his sentence but did file a motion to vacate, set aside, or correct his sentence pursuant to § 2255 on May 6, 2002. (*See* Doc. 1 in Case No. 1:02-cv-150.) The district court dismissed the motion as untimely on July 31, 2002 (Doc. 7 in Case No. 1:02-cv-150), and the United States Court of Appeals for the Sixth Circuit dismissed the appeal for want of prosecution (Doc. 9 in Case No. 1:02-cv-150).

In November 2015, after completing the custodial portion of his federal-court sentence, and while on supervised release, Petitioner pleaded guilty to aggravated assault in state court and was sentenced to six years' imprisonment. (*Id.*) On July 11, 2018, Judge Collier revoked Petitioner's supervised release after he admitted to violating the terms of his supervised release, including being convicted for aggravated assault. (*Id.*) At the revocation hearing, Petitioner's counsel acknowledged that the aggravated-assault conviction constituted a Grade A violation but requested that the Court vary downward and sentence him as if he had committed a Grade B or C violation to avoid duplicating the state court's six-year term of imprisonment for the aggravated-assault offense. (*Id.*) Judge Collier sentenced Petitioner to three years' incarceration with no supervised release to follow. (Doc. 44 in Case No. 1:99-cr-75.)

Petitioner appealed Judge Collier's revocation sentence to the Sixth Circuit. (*See* Doc. 46 in Case No. 1:99-cr-75.) On March 26, 2019, the Sixth Circuit affirmed Judge Collier's revocation sentence as procedurally reasonable, noting that Judge Collier adequately considered the relevant factors in 18 U.S.C. § 3553(a) and explained the reason for the sentence imposed. (Doc. 50 in Case No. 1:99-cr-75.)

On August 20, 2019, Petitioner filed the instant motion to vacate, set aside, or correct his sentence. (Doc. 1 in Case No. 1:19-cv-235; Doc. 52 in Case No. 1:99-cr-75.) In his motion, Petitioner appears to argue that: (1) the First Step Act, Pub. L. 115-391, § 404, 132 Stat. 5194, 5222 (2018), reduced the applicable statutory range for his sentence and supervised release on his underlying cocaine-distribution conviction such that he is entitled to immediate release from his incarceration for violating the terms of his supervised release; (2) not reducing his sentence under the First Step Act would violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013); (3) he no longer qualifies as a career offender under

2

United States Sentencing Guideline § 4B1.1; (4) the district court failed to adequately explain its basis for his revocation sentence; and (5) he is entitled to a jury in connection with revocation of his supervised release under *United States v. Haymond*, 139 S. Ct. 2369 (2019). (*See generally* Doc. 1 in Case No. 1:19-cv-235.) Petitioner's motion is now ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Additionally, in ruling on a motion made pursuant to § 2255, the Court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by

3

the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

#### A. Petitioner's Claims Related to his Original Sentence

To the extent Petitioner seeks relief under § 2255 in connection with the Court's original sentence set forth in its judgment dated May 16, 2000, those claims fail for at least two reasons. First, because Petitioner previously filed a motion to vacate, set aside, or correct his sentence (Doc. 1 in Case No. 1:02-cv-150), the Court cannot consider a second motion to vacate, set aside, or correct related to his original sentence unless Petitioner first obtains authorization from the Sixth Circuit. *See* 28 U.S.C. § 2255(h). Nothing in the record suggests that Petitioner has obtained such authorization.

Second, Petitioner's claims related to his original sentence are procedurally defaulted. Petitioner did not directly appeal the Court's calculation, the duration, or the legality of his sentence after the Court entered its judgment on May 16, 2000. Accordingly, to obtain review of his original sentence in connection with a motion made pursuant to § 2255, Petitioner must demonstrate that there is good cause for not raising his arguments on direct appeal and that actual prejudice will result if not reviewed. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

In this case, to the extent Petitioner contends he no longer qualifies as a career offender under United States Sentencing Guideline § 4B1.1, Petitioner cannot demonstrate prejudice, because his challenge to his advisory sentencing guidelines range is not cognizable in a motion

4

under § 2255.[1] *Snider v. United States*, 908 F.3d 183 (6th Cir. 2018) (explaining that postconviction relief under § 2255 is available only when a sentence implicates constitutional or jurisdictional errors or involves a fundamental defect which results in a miscarriage of justice and holding that challenges to guidelines calculations based on the career-offender designation are not cognizable under § 2255); *see also Bullard v. United States*, 937 F.3d 654, 957 (6th Cir. 2019). Accordingly, Petitioner's claims related to his original sentence are procedurally defaulted.

### B. Petitioner's Claims Related to His Revocation Sentence

In his motion, Petitioner also appears to argue that he is entitled to relief from the Court's revocation sentence under § 2255. Specifically, Petitioner contends: (1) the First Step Act reduced the applicable statutory range for his sentence and supervised release on his underlying cocaine-distribution conviction such that he is entitled to immediate release from his incarceration for violating the terms of his supervised release; (2) failing to reduce his sentence under the First Step Act would violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013); and (3) he is entitled to a jury in connection with revocation of his supervised release under *United States v. Haymond*, 139 S. Ct. 2369 (2019).

#### i. *First Step Act*

To the extent Petitioner contends the First Step Act requires the Court to reduce his sentence and that he is entitled to relief under § 2255, that argument fails because a motion under § 2255 is not the proper vehicle for seeking a sentence reduction under the First Step Act.

---

[1] In his motion, Petitioner argues that the Sixth Circuit's recent decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), demonstrates that he no longer qualifies as a career offender. (Doc. 1, at 34–37, in Case No. 1:19-cv-235.) In *Havis*, the Sixth Circuit addressed the Court's application of the career-offender enhancement in connection with a direct appeal, not in connection with a motion under § 2255. *See* 927 F.3d at 384.

5

Section 404 of the First Step Act authorizes application of reduced statutory penalties of the Fair Sentencing Act, Pub. L. No. 111-120, 124 Stat. 2372 (2010), to defendants who committed a "covered offense" before August 3, 2010. As such, a motion to reduce sentence under the First Step Act should be brought pursuant to 18 U.S.C. § 3582(c)(1)(B), which provides that a court "may modify a term of imprisonment to the extent . . . expressly permitted by statute."[2] *See, e.g.*, *United States v. Terrell*, 769 F. App'x 98 (4th Cir. 2019) (affirming district court's order construing motion as an unauthorized successive motion under 28 U.S.C. § 2255, but denying motion without prejudice "to any right [defendant] may have to seek retroactive application of the Fair Sentencing Act of 2010 . . . in the sentencing court under Section 404 of the First Step Act of 2018"); *Barrett v. United States*, No. 2:11-CR-00173(1), 2019 WL 3006986, at *2 (S.D. Ohio July 10, 2019), *report and recommendation adopted*, No. 2:11-CR-00173(1), 2019 WL 3780034 (S.D. Ohio Aug. 12, 2019) (explaining that motions made under the First Step Act should be filed as motions to reduce sentence).

Petitioner also appears to argue that, after passage of the First Step Act, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), require the Court to reduce his sentence. (*See* Doc. 1, at 19–23, in Case No. 1:19-cv-235.) Petitioner remains free to make that argument in connection with a motion to reduce his sentence under § 3582, but the Supreme Court's holdings in *Apprendi* and *Alleyene* are generally not

---

[2] Although Petitioner's motion references sentence reductions under 18 U.S.C. § 3582, the Court construes Petitioner's motion as a motion under § 2255. Accordingly, to the extent Petitioner contends that the Court should exercise its discretion to reduce his sentence under § 3582 and the First Step Act, he remains free to file such a motion. However, nothing in the Court's order should be construed as suggesting that Petitioner is entitled to a sentence reduction under § 3582 or that the First Step Act necessarily authorizes a court to modify a defendant's term of imprisonment imposed for violating his conditions of supervised release.

retroactively applicable on collateral review under § 2255. *See In re Mazzio*, 756 F.3d 487, 491, n.4 (6th Cir. 2014).

### ii. *Whether Petitioner is Entitled to a Trial under United States v. Haymond*

Finally, Petitioner contends that, under *United States v. Haymond*, 139 S. Ct. 2369 (2019), he was entitled to a jury trial before the Court revoked his supervised release. (Doc. 1, at 37–39, in Case No. 1:19-cv-235). In *Haymond*, the Supreme Court of the United States held that 18 U.S.C. § 3583(k) violated a defendant's Fifth and Sixth Amendment rights as applied because judicially found facts triggered a mandatory revocation prison term that was longer than the maximum sentence for the underlying crime for certain sex offenders. 139 S. Ct. at 2373. The Supreme Court plurality noted, however, that it did "not pass judgment one way or the other on § 3583(e)'s consistency with *Apprendi*" and that § 3583(e) was likely not problematic in cases when a defendant's initial term of imprisonment, combined with his revocation term of imprisonment, did not exceed the statutory maximum term of imprisonment authorized for the original crime of conviction. *Id*. at 2384, n.7.

In this case, the Court revoked Petitioner's supervised release pursuant to § 3583(e), not § 3583(k), because Petitioner violated the terms of his supervised release. *Compare* 18 U.S.C. § 3583(e)(3) (providing for revocation of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release), *with* 18 U.S.C. § 3583(k) (providing for mandatory revocation of supervised release when a defendant is required to register under the Sex Offender Registration and Notification Act and commits certain enumerated criminal offenses). Further, nothing in the record suggests that Petitioner's initial term of imprisonment combined with his revocation term of imprisonment exceeded the statutory maximum term of imprisonment authorized by his conviction for distribution of crack cocaine.

Accordingly, Petitioner was not entitled to a jury trial before the Court revoked his supervised release.[3]

IV. **CONCLUSION**

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to § 2255 (Doc. 1 in Case No. 1:19-cv-235; Doc. 52 in Case No. 1:99-cr-75) is **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGMENT WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[3] To the extent Petitioner contends that he is entitled to relief because Judge Collier failed to adequately explain the basis for the Court's revocation sentence, that argument fails, because the Sixth Circuit rejected that argument in connection with Petitioner's direct appeal of his revocation sentence. (Doc. 50 in Case No. 1:99-cr-75.)